Sargent *v.* Roberts.

DANIEL SARGENT & al. *versus* CHARLES W. ROBERTS.

By R. S., c. 113, § 2, any person may be arrested and held to bail on mesne process on contract express or implied, when he is about to depart and reside beyond the limits of this State, with property or means of his own exceeding the amount required for his immediate support, if the creditor, his agent or attorney, makes oath before a justice of the peace, to be certified by such justice on said process, that he has reason to believe and does believe that such debtor is about so to depart, reside, *and take with him* property or means as aforesaid, and that the demand, or principal part thereof, amounting to at least ten dollars, is due to him.

An arrest under this statute will be illegal, if the certificate omit to declare that the person to be arrested is to "*take with him* property," &c.

A bond given by a person arrested by virtue of a defective certificate, is void.

ON FACTS AGREED.

DEBT.

This action was on a bond given by one Simpson as principal, and the defendant as surety, to procure the release of the former from arrest on mesne process on contract.

The certificate on the process, omitting the date and justice's signature, was as follows : —

"Personally appeared Daniel Sargent, 2d, one of the creditors named in the annexed writ, and made oath that he has reason to believe, and does believe, that John A. Simpson, one of the debtors named in said writ, is about to depart, and reside beyond the limits of this State, with property or means of his own exceeding the amount required for his own immediate support; and that the demand in the writ, or the principal part thereof, amounting at least to ten dollars, is due to the plaintiff. Before me," &c.

*Rowe*, for the plaintiffs, contended that —

The certificate need not contain the affirmation that the person to be arrested is to "*take with him* property," &c. *French* v. *McAllister*, 20 Maine, 465. This is an authoritative construction of the Act of 1835, c. 195, § 3, which is the same in its terms, so far as this point is concerned, as R. S., c. 113, § 2.

*Bramhall* v. *Seavey*, 28 Maine, 45, contains a *dictum* of Judge SHEPLEY which conflicts with *French* v. *McAllister*. The point was not raised in the former, but was in the latter.

*J. A. Peters*, for the defendant.

The opinion of the Court was drawn by

APPLETON, C. J.—To authorize the arrest of a debtor under the provisions of R. S., 1857, c. 113, § 2, the creditor, his agent or attorney, must make oath before a justice of the peace, "to be certified by such justice on said process, that he has reason to believe, and does believe, that such debtor is about so to depart, reside *and take with him* property or means as aforesaid, and that the demand or principal part thereof, amounting to at least ten dollars, is due him." In the oath, as administered and certified, the important words "*and take with him*" are omitted.

It is for the Legislature to fix the conditions under which an arrest may be made, and to prescribe any and what oath is to be taken as an indispensible preliminary to such arrest. It is for the party making the arrest to comply in all respects with the requirements of the Legislature.

In *French* v. *McAllister*, 20 Maine, 465, the words "*to take with him*" were omitted, and the Court sustained the sufficiency of the oath as certified by the magistrate. But in *Bramhall* v. *Seavey*, 28 Maine, 45, the sufficiency of an oath when these words were omitted, was discussed and considered by the Court, and their necessity was affirmed. Not having been used in that case, the arrest was held unlawful, and the bond void as obtained by duress. In *Shaw* v. *Usher*, 41 Maine, 102, the case of *Bramhall* v. *Seavey* was referred to and affirmed.

The last revision of the statutes, in 1857, was made by the learned Judge by whom the opinion in *Bramhall* v. *Seavey*, had been drawn. It cannot be doubted that, in retaining the language of the previous statute, he did it with the expectation and intention that it should receive the construc-

tion he had given it in the case to which reference has just been had. The Legislature, reënacting a statute without change of language, must be regarded as adopting and affirming the judicial construction previously given thereto.

The arrest having been unauthorized, the oath not being in conformity with the requirements of the statute, the bond given to procure a discharge therefrom, was obtained by duress, and is not binding. The action cannot be maintained.                                                *Plaintiff nonsuit.*

CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.